UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT GRAY,                         )
                                     )
       Movant,                       )
                                     )
    v.                               )    No. 4:12-CV-1886-CEJ
                                     )
UNITED STATES OF AMERICA,            )
                                     )
       Respondent.                   )

**MEMORANDUM**

This matter is before the Court upon review of Robert Gray's "Motion to Vacate and Reenter the Judgment in a Criminal Case," which the Court will liberally construe as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.[1]

**Background**

On October 10, 2008, following his guilty plea to being a felon in possession of a firearm, movant was sentenced to a 77-month term of imprisonment. U.S. v.

---

[1] The Court determines that it is not required to provide movant an opportunity either to consent to the reclassification or to withdraw his motion, see United States v. Morales, 304 F.3d 764 (8th Cir. 2002), because, unlike the facts in Morales, the motion at bar is movant's third § 2255 motion, not his first. As such, providing him a Morales-type warning and opportunity to withdraw the instant motion at this time would be of no avail to him.

1

Gray, No. 4:08-CR-173-CEJ (E.D. Mo.). He did not appeal the judgment. In the instant action, movant seeks relief from his conviction and sentence on the ground that his attorney ignored his request to file a timely notice of appeal.

**Discussion**

The Court's records indicate that movant filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 on December 18, 2009. Gray v. U.S., No. 4:09-CV-2081-CEJ (E.D. Mo.). On May 7, 2010, the Court denied movant's motion to vacate as time-barred and dismissed the action.[2] Movant did not file an appeal of the dismissal. In addition, on March 26, 2012, movant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Gray v. U.S., No. 4:12-CV-563-CEJ (E.D. Mo.). This Court construed the petition as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Because movant had not obtained permission from the Eighth Circuit Court of Appeals to file a second

---

[2]Although unpublished, opinions by the Eighth Circuit Court of Appeals and by other district courts in this circuit have uniformly held that a motion dismissed as untimely is a decision on the merits. See Diaz-Diaz v. U.S., 297 Fed. Appx. 574, 575 (8th Cir. Oct. 29, 2008); Young v. Norman, No. 4:10-CV-2186-DDN, 2010 WL 5184886, at*1 (E.D. Mo. Dec. 15, 2010); Hazelett v. U.S., No. 4:10-CV-2214-JCH, 2010 WL 5184888, at *1 (E.D. Mo. Dec. 15, 2010). Similarly, several other courts of appeals have held that a dismissal on statute of limitations grounds constitutes a decision on the merits. See McNabb v. Yates, 576 F.3d 1029, 1030 (9th Cir. 2009); Villanueva v. U.S., 346 F.3d 55, 61 (2d Cir. 2003); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

2

habeas action, the motion to vacate was dismissed as successive. Movant did not file an appeal of the dismissal.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant § 2255 motion, which is successive, this Court lacks authority to grant movant the relief he seeks. Therefore, his motion to vacate will be dismissed. See Rule 4(b) of the Rules Governing § 2255 Proceedings.

Dated this 8th day of January, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE